# IN THE UNITED STATES DISTRIC COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TRIVIA BUCKHAULTER**                                                                        **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 3:20-CV-41-DCB-JCG**

**MID-AMERICA APARTMENT
COMMUNITIES, INC.
JOHN DOE COMPANY 1-5**                                                 **DEFENDANTS**

## ANSWER AND DEFENSES OF
## MID-AMERICA APARTMENT COMMUNITIES, INC.

Defendant Mid-America Apartment Communities, Inc. ("Defendant"), by and through counsel, files its Answer and Defenses to the Complaint asserted against it as follows:

### FIRST DEFENSE

Defendant is due to be dismissed from this action pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

### ANSWER

Without waiving the above and foregoing defenses, Defendant answers the Complaint filed against it, paragraph by paragraph, as follows:

1. Defendant denies the allegations of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Title is numbered and does not require a response. Should the title and the words "Jurisdiction and Venue" be construed as adverse allegations against Defendant, they are denied.

4. The allegations of Paragraph 4 of the Complaint call for a legal conclusion and require no response from Defendant. To the extent said allegations may be construed adversely against Defendant, they are denied.

5. The allegations of Paragraph 5 of the Complaint call for a legal conclusion and require no response from Defendant. Should said allegations be construed adversely against Defendant, they are denied.

## PARTIES TO THE COMPLAINT

5. Title is numbered and does not require a response. Should the title and the words in the title be construed as adverse allegations against Defendant, they are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second Paragraph 4 of the Complaint.

5. Defendant admits that CT Corp. System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, is its registered agent for service of process. Defendant further admits its address is 6815 Poplar Avenue, Suite 500, Germantown, Tennessee 38138. Unless otherwise admitted, the remaining allegations of the second Paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

## CAUSE OF ACTION

12.     In response to Paragraph 12 of the Complaint, this Defendant adopts by reference herein each of their admissions, denials, and defenses to the foregoing paragraphs 1-11 of this Complaint.

13.     Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant denies the allegations of Paragraph 14 of the Complaint.

15.     Defendant denies the allegations of Paragraph 15 of the Complaint.

16.     Defendant denies the allegations of Paragraph 16 of the Complaint.

## DAMAGES

17.     In response to Paragraph 17 of the Complaint, this Defendant adopts by reference herein each of their admissions, denials, and defenses to the foregoing paragraphs 1-16 of this Complaint.

18.     Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Defendant denies the allegations of Paragraph 19 of the Complaint.

## PRAYER FOR RELIEF

20.     In response to Paragraph 20 of the Complaint, this Defendant adopts by reference herein each of their admissions, denials, and defenses to the foregoing paragraphs 1-19 of this Complaint.

21.     Defendant denies the allegations of Paragraph 21, including subparts A through C, of the Complaint.

22.     The allegations contained in the last unnumbered paragraph beginning with "Wherefore, premises considered" are denied.

**THIRD DEFENSE**

Defendant states that the injuries and damages alleged in Plaintiff's Complaint were caused by an intervening, superseding action for which Defendant is in no way liable. Plaintiff, therefore, is not entitled to recover from Defendant.

**FOURTH DEFENSE**

The injuries to Plaintiff were caused, in whole or in part, by the acts or omissions of others, and the amount of damages recoverable by Plaintiff should be apportioned among the persons or entities who contributed to the damages in accordance with their respective percentage of responsibility, including, but not limited to, any apportionment pursuant to MISS. CODE ANN. § 85-5-7.

**FIFTH DEFENSE**

Defendant is entitled to a set-off, credit or reduction of judgment to the extent Plaintiff, or other claimants have received payment from another source for the injuries or damages claimed here.

**SIXTH DEFENSE**

Alternatively, the sole proximate cause or a proximate contributing cause of the incident and the injuries of Plaintiff was the act or omission of Plaintiff. Defendant asserts, therefore, the defense of comparative negligence.

**SEVENTH DEFENSE**

Alternatively, Plaintiff may have assumed the risk of the alleged incident and injuries. In that event, Plaintiff's claims are barred under the doctrine of assumption of risk.

**EIGHTH DEFENSE**

Defendant pleads the applicable caps and limitations on non-economic damages as provided by MISS. CODE ANN. § 11-1-60.

**NINTH DEFENSE**

This Defendant acted reasonably in the provisions it made for the care and upkeep of the subject apartment and was not negligent in any way which caused or contributed to Plaintiff's damages, if any.

**TENTH DEFENSE**

Defendant states that the injuries and damages alleged in Complaint were caused by an intervening, superseding action for which Defendant is in no way liable. Plaintiff, therefore, is not entitled to recover from Defendant.

**ELEVENTH DEFENSE**

Plaintiff cannot recover from Defendant because Defendant fulfilled its obligation to provide reasonably safe premises at the inception of a lease, and Defendant fulfilled its obligation to exercise reasonable care to repair any alleged defective conditions upon notice of their existence by the tenant.

**TWELFTH DEFENSE**

Plaintiff cannot recover from Defendant because Defendant complied with applicable law and also complied with the requirements of applicable building and housing codes. Further, Defendant fulfilled its duty to use reasonable care to provide safe premises at the inception of the lease.

## THIRTEENTH DEFENSE

Plaintiff cannot recover from Defendant because Defendant maintained the leased premises in a reasonably safe condition during the course of the lease.

## FOURTEENTH DEFENSE

To the extent Plaintiff complains of defects in the Complaint, Plaintiff cannot recover for the alleged defects because of failure to provide the requisite notice to the Defendant.

## FIFTEENTH DEFENSE

Plaintiff cannot recover from Defendant due to lack of actual or constructive knowledge of the alleged defect and a failure to give Defendant a reasonable opportunity to make repairs.

## SIXTEENTH DEFENSE

Defendant pleads the doctrine of estoppel.

## SEVENTHEENTH DEFENSE

Plaintiff's claims regarding fraud, fraudulent concealment, and/or misrepresentation should be dismissed for failure to comply with heightened pleading requirement of FED. R. CIV. P. 9(b).

## EIGHTEENTH DEFENSE

Plaintiff's claims fail because Plaintiff did not give the requisite notice as required by the Mississippi Landlord/Tenant Act.

## NINTEENTH DEFENSE

To the extent that Plaintiff is making a claim for punitive damages, such claim for punitive damages cannot be sustained because, under Mississippi law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the award is rationally related to the state's legitimate goals of

deterrence and retribution, which violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Constitution of the State of Mississippi.

### TWENTIETH DEFENSE

This defendant pleads the applicable caps, limitations and provisions as provided by MISS. CODE ANN. § 11-1-65(3).

### TWENTY-FIRST DEFENSE

To the extent that Plaintiff's claim for punitive damages is based upon harms caused to persons other than Plaintiff, such harm may not serve as a basis for punitive damages pursuant to the United States Supreme Court holding in *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007). Such award would be a taking of property from Defendant without due process of law. To the extent that plaintiffs' claims are based on injury or harm that occurred to a non-party to the subject litigation, such conduct may not serve as a basis for punitive damages since it violates the due process clause as stated by the United States Supreme Court in *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### TWENTY-SECOND DEFENSE

To the extent Plaintiff's claim for punitive damages is based upon acts that are dissimilar to the acts at issue in this lawsuit, and based upon conduct that did not harm Plaintiff, such

dissimilar acts may not serve as a basis for punitive damages pursuant to United States Supreme Court holding in *State Farm v. Campbell*, 123 S. Ct. 1513 (2003).

### TWENTY-THIRD DEFENSE

To the extent that Plaintiff is making a claim for punitive damages, such claim for punitive damages cannot be sustained because Mississippi law regarding the standards for determining liability for and the amount of punitive damages fails to give Defendant prior adequate notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Constitution of the State of Mississippi.

### TWENTY-FOURTH DEFENSE

Defendant reserves the right to plead additional affirmative defenses as they become known in the course of discovery.

### TWENTY-FIFTH DEFENSE

This Defendant acted reasonably in the provisions it made for the management, care, and upkeep of the subject apartment complex and was not negligent in any way which caused or contributed to Plaintiff's damages, if any.

### TWENTY-SIXTH DEFENSE

All or some of Plaintiff's claims should be barred by the statute of limitations.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claim must fail as Defendant provided reasonably safe premises at the inception of the Lease and exercised reasonable care to repair any claimed and/or alleged dangerous defective condition upon notice of its existence by Plaintiff.

## TWENTY-EIGHTH DEFENSE

The facts of the subject case do not support a finding that any of Plaintiff's alleged injuries were the result of any failure of Defendant to exercise due care with respect to Plaintiff's tenancy.

## TWENTY-NINTH DEFENSE

Plaintiff's injuries were not the result of any failure to exercise due care on the part of Defendant.

## THIRTIETH DEFENSE

Plaintiff's claim must fail because with respect to the defect alleged, Plaintiff cannot show actual or constructive notice of the alleged defective condition and further cannot show a sufficient opportunity to repair the same had been given.

## THIRTY-FIRST DEFENSE

Defendant pleads the terms and the provisions of the residential lease agreement executed by Plaintiff.

## THIRTY-SECOND DEFENSE

Plaintiff's claims should be dismissed pursuant to the terms of the residential lease agreement regarding the alleged defects as Defendant had no notice of the alleged defects due to the failure of Plaintiff to provide written notice detailing the alleged failure to repair any alleged defects.

**THIRTY-THIRD DEFENSE**

Defendant pleads the provisions of paragraph 24 of the lease and asserts that all claims involved in this matter must be resolved through binding arbitration in accordance with FAA and the rules.

**THIRTY-FOURTH DEFENSE**

Arbitration should be compelled in this matter as the parties to this suit all entered into an arbitration agreement that is contractually valid.

**THIRTY-FIFTH DEFENSE**

Arbitration should be compelled in this matter as the subject dispute at issue falls within the scope of the arbitration agreement signed by the parties.

**THIRTY-SIXTH DEFENSE**

Arbitration should be compelled in this matter because the subject lawsuit is within the scope of the arbitration agreement executed by the parties as it arises under and/or relates to Plaintiff's occupancy and leasing of an apartment.

**THIRTY-SEVENTH DEFENSE**

The parties must submit to arbitration of the subject dispute as the parties have contractually agreed to arbitrate all issues that are the subject of the lawsuit. The clear intent of the parties and the plain text of the lease agreement requires the court to compel arbitration.

**THIRTY-EIGHTH DEFENSE**

Arbitration must be compelled in this matter as the arbitration agreement embraced all disputes between the parties having any type of relationship to the lease of the subject apartment.

## **THIRTY-NINTH DEFENSE**

Arbitration must be compelled in this matter as the arbitration agreement covers any legal dispute or claim that arises out of or is in any way related to Plaintiff's occupancy of the subject apartment.

RESPECTFULLY SUBMITTED this the 11th day of February, 2020.

        **MID-AMERICA APARTMENT COMMUNITIES, INC.**

        By Its Attorneys

        WATKINS & EAGER PLLC

By: */s/ Jimmy B. Wilkins*
     Jimmy B. Wilkins

OF COUNSEL:

Jimmy B. Wilkins (MSB No. 10773)
Watkins & Eager PLLC
400 East Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi  39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
Email: jwilkins@watkinseager.com

## **CERTIFICATE OF SERVICE**

I hereby certify I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Abby Robinson
Abby Robinson Law Firm PLLC
227 East Pearl Street
Jackson, MS  39201
Email: arobinsonlawfirm@yahoo.com
Email: abby@askabbylaw.com

This the 11th day of February, 2020.

                                                             /s/ *Jimmy B. Wilkins*
                                                             Jimmy B. Wilkins