**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TRIVIA BUCKHAULTER**                                                           **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 3:20-CV-41-DPJ-JCG**

**MID-AMERICA APARTMENT
COMMUNITIES, INC.
JOHN DOE COMPANY 1-5**                                                 **DEFENDANTS**

---

**DEFENDANT MID-AMERICA APARTMENT COMMUNITIES, INC.'S
REBUTTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT**

---

Defendant Mid-America Apartment Communities, Inc. ("Defendant" or "Mid America") files its rebuttal memorandum in support of its motion for summary judgment. The basis and reasoning for the Court to grant summary judgment is stated and fully explained in the original motion and memorandum brief and will not be repeated here. This rebuttal memorandum will address some of the issues raised by Plaintiff in response to the original motion, but will attempt not to repeat arguments previously presented to the Court in the original motion and memorandum brief.

## I. INTRODUCTION

The subject lawsuit involves Plaintiff's alleged exposure to natural gas while a tenant in apartment J 112 of Crosswinds Apartments.   This Court must decide whether there is a genuine issue for trial in a lawsuit involving alleged exposure to natural gas where Plaintiff has presented no medical expert testimony establishing a causal link between the alleged gas exposure and the injuries.   Separate and apart from lack of medical proof, the Court must decide whether there is a genuine issue for trial in a case involving alleged exposure to natural gas when the tenant was moved to a different apartment upon notice to the landlord.   Mid-America reiterates that it is

entitled to summary judgment for the following reasons:

1.   Summary judgment is proper due to the lack of medical expert causation testimony establishing a link between the alleged gas exposure and Plaintiff's alleged injuries.

2.   Summary judgment is proper because Plaintiff only made limited complaints regarding gas exposure in the apartment and Mid-America cured the defect by immediately placing Plaintiff in a new apartment.

3.   There can be no liability because under the law, the landlord must be given a reasonable opportunity to make repairs which it did in this instance.

## II. ANALYSIS

Plaintiff argues that summary judgment should be denied because her expert is qualified to make a PTSD diagnosis. Plaintiff's designated expert Jennifer Barbieri is not a medical doctor. In any event, the basis of the motion for summary judgment is not that Jennifer Barbieri is unqualified to make a PTSD diagnosis. The basis of the motion is that a medical expert causation testimony is required to connect the alleged gas exposure to Plaintiff's complaints and claims. With no medical expert testimony, summary judgment is proper due to lack of medical expert causation testimony establishing a link between the alleged gas exposure and Plaintiff's alleged injuries.

Plaintiff incorrectly argues that the Defendant has not been forthcoming regarding the number of times Plaintiff complained regarding a gas smell in the apartment. Plaintiff's own deposition establishes that she made very limited complaints to the management regarding an alleged gas smell. These times being in February 2019 with complete silence until again in September 2019 when Plaintiff was immediately moved to a new apartment.   See Exhibit "D" to

original Motion for Summary Judgment.    Plaintiff's own expert indicated that Plaintiff told her that she only complained about a gas smell twice to the management.    See Deposition Excerpts of Jennifer Barbieri at pp. 32, 46 and 48 attached as Exhibit "A".

In support of her response to the motion for summary judgment, Plaintiff cites *Guidry v. Murphy Oil USA, Inc.,* 2015 WL 5177569 (M.D. La. 2015).   This case does not advance Plaintiff's argument that summary judgment should be denied. First, the *Guidry* case analyzed Louisiana law and not Mississippi law on habitability issues. Second, the *Guidry* case was a slip and fall case and not a case analyzing a landlord's potential liability when a tenant complains about issues in an apartment.   *Guidry*, 2015 WL 5177569 at * 2. Third, the *Guidry* opinion involves analysis of the the Louisiana Merchant Liability Statute. For these reasons, the opinion does not advance Plaintiff's argument that Mid-America's summary judgment motion should be denied. *Id*. at *6. In any event, the case actually found that plaintiff failed to raise a genuine issue of material fact and summary judgment was granted on behalf of the defendant.

Plaintiff also cites *Simoneaux v. E.I. du Pont*, 2014 WL 5819982 (M.D. La. 2014). This case does not support a denial of Mid-America's motion for Summary Judgment. First, the case does not analyze Mississippi law. Second, the case does not analyze Mississippi law in the context of the relationship and duties between the landlord and a tenant. Third, the case involves an analysis of the *qui tam* provision of the False Claims Act and also involves an analysis of obligations under the Toxic Substances Control Act found at 15 U.S.C. § 2607. Accordingly, the case provides no support for any proposition that Mid-America's motion for summary judgment should be denied.

Plaintiff also cited the *In Re Coastal Plains Inc.,* 179 F.3d 197 (5th Cir. 1999) opinion.

However, this opinion relates to the concept of judicial estoppel and does not provide applicable nor persuasive authority for the subject case. Plaintiff also cited *Bertrand v. Bertrand*, 449 S.W.3d 856 (Tex. Ct. App. 2014).   However, this case does not support a denial of Mid-America's motion for summary judgment. First, the case is a court of appeals case from Texas. Second, the opinion does not analyze issues regarding landlord and tenant law and the duties and responsibility of a landlord under Mississippi law. Third, the suit analyzes issues arising from alleged sexual abuse and a stepmother's failure to take actions to stop it.   *Bertrand*, 449 S.W.3d at 859. The case also involved issues related to the discovery rule with respect to application of the statute of limitations.  *Id*. at 862. With respect to the discovery rule, the court stated that it involves deferring "accrual of a cause of action until a plaintiff knew, or through the exercise of reasonable care and diligence, should have known, facts giving rise to the cause of action."  *Id*. at 866. The discovery rule and statute of limitations are not issues involved with respect to Mid-America's motion for summary judgment.

Plaintiff also submitted the affidavit of her stepfather Craig Odems. Odems is a firefighter and Plaintiff submitted an affidavit indicating that Odems is trained on how to smell natural gas. The affidavit should be disregarded and is not persuasive with respect to an analysis of the summary judgment motion. Odems was not designated timely as an expert in this matter. Further, Odems can provide no testimony regarding the actual cause of Plaintiff's alleged injuries. In fact, Odems admitted in his deposition that he had done no investigation to determine if it was in fact a gas leak that was causing Plaintiff's headaches. *See* deposition of Odems attached as Exhibit "B" to rebuttal at p. 17.

The Court should disregard Plaintiff's Exhibit D and any argument regarding a service

technician being needed because the water heater was not venting properly.   Exhibit D does not support the Plaintiff's argument as it relates to the new apartment N160 and not the apartment at issue in the subject lawsuit, J 112.   The ticket has "N160" on it and Plaintiff testified that this ticket related to the new apartment.   See Excerpt of Deposition of Plaintiff attached as Exhibit "C" to the rebuttal at pp. 31, 47, 65-66.

Plaintiff has not refuted the argument that the record as it exists in this case demonstrates that Plaintiff has failed to show breach of implied warranty of habitability and/or negligence arising out of her tenancy at the Crosswinds.   Plaintiff has presented no credible evidence to show that Mid-America failed to act as a reasonable landlord under the same or similar circumstances as she was given a new apartment on the very first business day after her voicemail regarding gas.   Plaintiff has not disputed the fact that the record shows that Defendant acted almost immediately upon being notified of the alleged defective condition on September 21, 2019.

Additionally, at no point in the litigation has Plaintiff produced any medical records or any medical reports or any expert testimony that indicates that the exposure to gas was a medical cause of her injuries and damages.    In this case, no medical expert has determined that the natural gas the plaintiff was allegedly exposed to, caused the plaintiff's symptoms.   Without medical causation being established, summary judgment is appropriate.   Lastly, Plaintiff has not responded to Mid-America's argument on the ancillary claims, including claims related to negligence per se, misrepresentation, negligent construction, public nuisance, and fraudulent concealment. For the reasons stated in the original memorandum brief, summary judgment is proper on those claims.

### III. CONCLUSION

For the reasons stated in the original motion and brief, Mid-America is entitled to summary judgment for the following reasons:

1.     Summary judgment is proper on this alleged apartment natural gas exposure case due to the failure of Plaintiff to present medical expert causation proof establishing a link between the alleged gas exposure and Plaintiff's alleged injuries.

2.     Because Plaintiff was moved to a different apartment after she made a complaint in September of 2019, no genuine issue of material fact exists as to whether Mid-America breached its duty to exercise reasonable care to repair any dangerous or defective condition upon notice of its existence by the tenant.

3.     Because Plaintiff was moved to a different apartment after she made a complaint in September of 2019, there can be no liability for any defective condition because under Mississippi law, the landlord must be given a reasonable opportunity to make repairs which it did.

RESPECTFULLY SUBMITTED this the 6th day of November, 2020.

**MID-AMERICA APARTMENT COMMUNITIES, INC.**

By Its Attorneys

WATKINS & EAGER PLLC

By:*/s/ Jimmy B. Wilkins*
Jimmy B. Wilkins

OF COUNSEL:
Jimmy B. Wilkins (MSB No. 10773)
Watkins & Eager PLLC
400 East Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi   39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
Email: jwilkins@watkinseager.com

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed the foregoing with the Clerk of the Court using the

ECF system which sent notification of such filing to the following:

Abby Robinson
Abby Robinson Law Firm PLLC
227 East Pearl Street
Jackson, MS   39201
Email: arobinsonlawfirm@yahoo.com
Email: abby@askabbylaw.com

This the 6th day of November, 2020.

/s/ *Jimmy B. Wilkins*
Jimmy B. Wilkins